UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANNON SCHEMEL, STEPHEN
OVERMAN and MICHAEL
TSCHIDA,

       Plaintiffs,

v.                                Case No:  2:22-cv-79-JLB-KCD

CITY OF MARCO ISLAND
FLORIDA and TRACY
FRAZZANO,

       Defendants.

_____/

## ORDER

Plaintiffs Shannon Schemel, Stephen Overman, and Michael Tschida sued the City of Marco Island and Tracy Frazzano in her official capacity as Chief of Police for the City of Marco Island for alleged violations of their rights under the Fourth Amendment to the United States Constitution and Article I, Sections 12 and 23 of the Florida Constitution.  (Doc. 1).  Defendants City of Marco Island and Tracy Frazzano move to dismiss Plaintiffs' Complaint as redundant, as a shotgun pleading, and for failure to state a claim.  (Doc. 25).  Plaintiffs filed a response in opposition.  (Doc. 33).  Upon review, the Court finds that Defendants' Motion to Dismiss Complaint (Doc. 25) is **GRANTED in part**.  The Complaint (Doc. 1) is therefore dismissed without prejudice.  Plaintiffs may file an amended complaint consistent with this Order.

## BACKGROUND

Plaintiffs are residents of the City of Marco Island.  (Doc. 1 at ¶¶ 8–10).

Plaintiffs allege that the City, through Chief of Police Tracy Frazzano, installed and

maintains several Automatic License Plate Recognition ("ALPR") systems.  (*Id.* at

¶¶ 2, 14).  ALPRs are high-speed cameras operated in fixed locations or on moving

vehicles that automatically "record[ ] images of the license plates of all motor

vehicles that come within their field of vision."  (*Id.* at ¶ 17).  Plaintiffs assert that

the City installed ALPRs in geographically strategic positions, on or near the three

bridges connecting Marco Island to the mainland of Florida, such that "*every* vehicle

entering and exiting the [City of Marco Island] is being photographed, [at all

times]."  (*Id.* at ¶ 30 (emphasis in original)).  Moreover, Plaintiffs allege that the

City instituted a policy to retain and store the information gathered by the ALPRs

for a period of three years.  (*Id.* at ¶¶ 25, 35).

Plaintiffs allege that, because they all routinely drive past the ALPRs to

enter and exit Marco Island and the City is gathering a database of the information

that will be retained for at least three years, Defendants have access to "a detailed

picture of Plaintiffs' movements" and can "easily draw a detailed profile of their

day-to-day [lives]."  (*Id.* at ¶¶ 33–35).

## DISCUSSION

### A.    Official Capacity Claims

As an initial matter, Defendants contend that the claims filed against Chief Frazzano in her official capacity should dismissed with prejudice as they are identical to the claims pleaded against the City itself.  (Doc. 25 at 4 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *Kubany v. Sch. Bd. Of Pinellas Cnty.*, 818 F. Supp. 1504 (M.D. Fla. 1993))).  In response, Plaintiffs state that they "are pleased that [Chief] Frazzano is apparently conceding that she will abide by any injunction issued against the City. But plaintiffs routinely sue both cities and their officials to ensure full compliance with court orders, and Defendants have cited no authority requiring dismissal of one of the two claims."  (Doc. 33 at 20).  Notably though, Plaintiffs provide no legal support for their position that Chief Frazzano should remain a party to this lawsuit.

Upon review, the Court is persuaded that the claims filed against Chief Frazzano in her official capacity should be dismissed.  "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly."  *Busby*, 931 F.2d at 776.  Permitting Plaintiffs to assert identical claims against Chief Frazzano in her official capacity and the City is redundant and may potentially cause confusion.  *See id*; *cf. Am. Humanist Ass'n, Inc. v. City of Ocala*, 127 F. Supp. 3d 1265, 1273 (M.D. Fla. 2015) ("[B]ecause the City has been

sued directly, it is proper to dismiss the claims against Mayor Guinn and Chief Graham in their official capacities as redundant and potentially confusing."). Plaintiffs' own Complaint illustrates the redundancy associated with asserting official-capacity claims against Chief Frazzano as it states that "Defendant City of Marco Island and Defendant Tracy Frazzano are collectively referred to as 'the City' in this Complaint." (Doc. 1 at ¶ 16).

Accordingly, because Plaintiffs have alleged that Defendant Chief Frazzano was acting in her official capacity, and Plaintiffs have brought identical claims against the City of Marco Island, the claims asserted against Defendant Chief Frazzano in her official capacity are due to be dismissed without prejudice. *See Busby*, 931 F.2d at 776; *see also Boling v. City of Longwood*, No. 6:21-cv-129-WWB-LRH, 2021 WL 7287614, at *14–15 (M.D. Fla. Dec. 20, 2021), *report and recommendation adopted*, 2022 WL 671512 (M.D. Fla. Mar. 7, 2022) (recommending that 42 U.S.C. § 1983 claims brought against a chief of police in his official capacity be dismissed with prejudice); *Am. Humanist Ass'n, Inc.*, 127 F. Supp. 3d at 1273 ("Defendants correctly argue—and Plaintiffs do not dispute—that the claims against the Mayor and Chief in their official capacities are duplicative of Plaintiffs' claims against the City itself."); *Thompson v. City of Birmingham*, 5 F. Supp. 3d 1304, 1318 (N.D. Ala. 2014) (finding that claims against a chief of police were duplicative of claims against a city).

**B.     Shotgun Pleading**

Defendants next contend that Plaintiffs' Complaint is due to be dismissed "as a clearly impermissible shotgun pleading" under Federal Rules of Civil Procedure 8 and 10.  (Doc. 25 at 5–7).  Specifically, Defendants assert that the Complaint "is rife with 'allegations' containing multiple sentences in each paragraph, replete with legal analysis, . . . [and] Plaintiff[s] assert[ ] counts that adopt the allegations of each preceding claim, causing each, successive count to carry all that came before and the last count to be a combination of the entire complaint."  (*Id.* at 6).  Plaintiffs respond that the Complaint is sufficient as it "supplies clear notice of the occurrence complained of (Defendants' decision to install ALPRs and to retain all [ALPR] data for three years) and the three constitutional provisions violated by that occurrence." (Doc. 33 at 19).

Generally speaking, a shotgun pleading is a complaint: (1) "containing multiple counts where each count adopts the allegations of all proceeding counts"; (2) "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) that does not separate "each cause of action or claim for relief" into a different count; or (4) that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate

notice of the claims against them on the grounds upon which each claim rests." *Id.* at 1323.

Here, the Court finds that Plaintiffs' Complaint combines the first and second type of shotgun pleading.

First, the Complaint is "rife with immaterial factual allegations . . . [and] irrelevant details." *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021). This finding is illustrated by contrasting Plaintiffs' assertion that "[t]he factual allegations underlying Plaintiffs' claims . . . are succinctly set out in ¶¶ 17-37 of the Complaint," (Doc. 33 at 3), with Plaintiffs' third claim, which "repeat[s] and incorporate[s] by reference the allegations of Paragraphs 1 through 67 of the Complaint," (Doc. 1 at ¶ 68). To state that the facts underlying Plaintiffs' claims are succinctly set out in 21 paragraphs, while simultaneously repeating and incorporating 67 paragraphs of information into their third claim, demonstrates the shotgun nature of Plaintiffs' pleading and highlights the need for an amended complaint. Neither Defendants nor the Court should be expected to piece together which facts support which claims. Even within the Counts where Plaintiffs attempt to summarize the facts, it is almost impossible to unpack the relevant allegations supporting Plaintiffs' claims.

As one example, Plaintiffs do not sufficiently delineate the privacy rights they seek to protect. The Complaint states that "Defendants can easily draw a detailed profile of [Plaintiffs'] day-to-day li[ves]." (Doc. 1 at ¶ 35). This statement insinuates that Plaintiffs seek to protect a privacy interest in the City's storage of

detailed profiles of their day-to-day lives.  But Plaintiffs go on to say that "the Supreme Court has extended Fourth Amendment protection [to] the expectation of privacy in one's physical location and movements."  (*Id.* at ¶ 40).  Because the latter privacy interest is distinct from and seemingly broader than the former, the Court finds that Defendants do not have "adequate notice of the claims against them and the grounds upon which each claim rests."  *See Weiland*, 792 F.3d 1323.

Plaintiffs' failure to identify the specific privacy interests at issue is further complicated by Plaintiffs' assertions in each of the claims.  Specifically, in Claim I, Plaintiffs state that "[Defendants'] continuous monitoring of Plaintiffs' movements . . . impinges on their reasonable expectations of privacy in the whole of their physical movements."  (Doc. 1 at ¶ 60).  In Claim II, Plaintiffs allege that "[Defendants'] monitoring of Plaintiffs' movements for an extended period of time constitutes a search."  (*Id.* at ¶ 66).  Finally, in Claim III, Plaintiffs assert that "the whole of [a] person's physical movements . . . are protected from government intrusion."  (*Id.* at ¶ 69).  These statements are unclear and are insufficient to specifically identify the exact privacy interests that Plaintiffs claim are at issue in this case.

Second, Plaintiffs' Complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland*, 792 F.3d at 1321.  While Plaintiffs' assert that the Complaint does not require amendment under this standard because it "raises three closely

related constitutional claims arising from a single policy," (Doc. 33 at 19), the Court disagrees.  Rather, upon review, Plaintiffs' claims fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.  Without more specificity, Defendants cannot be expected to frame a responsive pleading when each claim repeats and reincorporates the allegations of the preceding claims.

Because Plaintiff's Complaint is insufficient under the standards set forth in Federal Rules of Civil Procedure 8 and 10, the Complaint is dismissed without prejudice.

## C.      Failure to State a Claim

Defendants also move to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 25 at 7–18).  To survive a motion to dismiss for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Reasonable inferences from the factual allegations are to be construed in the light most favorable to the plaintiff.  *Id.*; *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A court's consideration of a Rule 12(b)(6) motion is limited "to the pleadings and exhibits attached thereto."

*Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

Plaintiffs allege that photographs are being taken of their license plates on public roadways and stored in official servers. (*See* Doc. 1). Thus, as presently written, Plaintiffs' Complaint does not identify an interest in which Plaintiffs have a reasonable expectation of privacy and fails to satisfactorily connect the alleged facts to a violation of the Fourth Amendment. Certainly, "a motorist has no reasonable expectation of privacy in the information contained on his license plate under the Fourth Amendment." *United States v. Ellison*, 462 F.3d 557, 561 (6th Cir. 2006) ("[A] motorist has no reasonable expectation of privacy in the information contained on his license plate under the Fourth Amendment."). Cases involving precise cellphone and GPS tracking—which track the movements of individuals beyond public thoroughfares—are distinguishable from fixed location cameras recording images of license plates on public roads. As presently alleged, the Court is not persuaded that the facts of the Complaint state a constitutional claim, thus the Court will require Plaintiffs to amend their pleading to specifically delineate a constitutional violation.

D.    **Related Case and Declaratory Relief Abstention**

Defendants highlight that Plaintiffs' counsel "already brought nearly identical claims in another forum." (Doc. 25 at 2 n.2 (citing *Raul Max Canosa v. City of Coral Gables, et al.*, No. 2018-033927-CA-01 (Fla. Cir. Ct. Oct. 4, 2021))). Moreover, it appears that related case is on direct appeal to Florida's Third District

Court of Appeal.  *See Raul Max Canosa v. City of Coral Gables, et al.*, No. 3D21-1983 (Fla. 3d DCA 2021).

Thus, as a final matter, the Court will require Plaintiffs' counsel to file a notice providing copies of the related case's complaint, any dispositive orders, the appellate briefs, and any appellate orders, such that the Court can assess whether it will retain jurisdiction over this case under applicable federal abstention doctrine. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

**CONCLUSION**

Accordingly, it is **ORDERED** that:

1.   Defendants' Motion to Dismiss Complaint (Doc. 25) is **GRANTED in part**.

2.   Plaintiffs' Complaint is **DISMISSED without prejudice** to being refiled consistent with this Order on or before March 7, 2023.

3.   Plaintiffs' counsel must file a notice providing copies of the relevant documents related to *Canosa*, No. 2018-033927-CA-01, on or before February 21, 2023.

**ORDERED** in Fort Myers, Florida on February 14, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record