UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANNON SCHEMEL, STEPHEN
OVERMAN, MICHAEL TSCHIDA,

    Plaintiffs,

v.

Case No. 2:22-cv-79-KCD-DNF

CITY OF MARCO ISLAND
FLORIDA,

    Defendant.
_____/

# ORDER

Plaintiffs Shannon Schemel, Stephen Overman, and Michael Tschida sue the City of Marco Island under the Fourth Amendment and Florida Constitution. (Doc. 50.)[1] They allege the City is illegally recording their movements through an automated license plate recognition ("ALPR") system. According to Plaintiffs, "[b]y mounting ALPRs at each of the three bridges [where they] can enter or exit Marco Island," the City "intrudes on reasonable expectations of privacy and thus is engaged in a search that is subject to constitutional limitations." (*Id.* ¶¶ 3, 5.)

The City moves to dismiss the complaint, arguing "there is no privacy interest in one's publicly visible license plate, and even if there was, the retention of images taken in public view does not amount to a warrantless

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

search." (Doc. 54 at 2.) The City is correct. Plaintiffs' allegations do not present a cognizable privacy interest or a search within the meaning of the Fourth Amendment. The Court otherwise declines to exercise supplemental jurisdiction over Plaintiffs' state constitutional claims. Accordingly, the City's motion is **GRANTED IN PART AND DENIED IN PART**.

## I. Background

Here are the relevant facts taken from the operative complaint, which must be accepted as true at this stage. As mentioned, the City has ALPRs mounted "at each of the three bridges by which one can enter or exit Marco Island." (Doc. 50 ¶ 3.) They are able to "record[] and store[] the license plate information of every vehicle that enters and exits Marco Island, as well as the time and date of entry and exit." (*Id.* ¶ 3.) They are also "connected to systems that convert the images of license plates into computer readable data." (*Id.* ¶ 18.) The City retains this data for at least three years. (*Id.* ¶¶ 4, 94.)

Plaintiffs all live on Marco Island. (*Id.* ¶ 13.) They regularly drive off the island to conduct everyday activities. (*Id.*) And they believe that their vehicles "have already been photographed on thousands of occasions, and [that] the numbers will continue to increase on a daily basis." (*Id.* ¶ 40.) Plaintiffs allege this "intrudes on [their] reasonable expectation of privacy" under the U.S. and Florida Constitutions. (*Id.* ¶¶ 73, 80, 95.) The City now

2

seeks dismissal of Plaintiffs' claims with prejudice under Fed. R. Civ. P. 12(b)(6). (Doc. 54.)

## II. Legal Standard

"To survive a Rule 12(b)(6) motion, a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss fails where the complaint provides facts that raise a right to relief above the speculative level. *See id.*

## III. Discussion

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Warrantless searches are per se unreasonable under the Fourth Amendment." *Fuqua v. Turner*, 996 F.3d 1140, 1151 (11th Cir. 2021). "Generally speaking, whether government-initiated electronic surveillance constitutes a 'search' triggering Fourth

3

Amendment protection depends on whether a person has a reasonable expectation of privacy in the area searched." *United States v. Howard*, 858 F. App'x 331, 332 (11th Cir. 2021).

"The Supreme Court has concluded that [a] person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another." *Id.* at 333. A person does, however, have "a reasonable expectation of privacy in the whole of his physical movements." *United States v. Davis*, 109 F.4th 1320, 1329-30 (11th Cir. 2024).

Plaintiffs concede they have no privacy interest in their license plate numbers. *See, e.g.*, *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 529 (5th Cir. 1999) ("A motorist has no privacy interest in her license plate number."); *see also Becerra v. City of Albuquerque*, No. 23-2053, 2023 WL 7321633, at *2 (10th Cir. Nov. 7, 2023); *United States v. Ellison*, 462 F.3d 557, 563 (6th Cir. 2006). They instead challenge the City's collection of their license plate numbers. Specifically, Plaintiffs allege the City engages in a Fourth Amendment search "[b]y gathering data regarding the whole of [their] movements." (Doc. 50 ¶¶ 53-55, 63.) The Court is unconvinced.

Plaintiffs' theory relies on *Carpenter v. United States*, 585 U.S. 296 (2018). *Carpenter* involved the government's warrantless acquisition of the defendant's historical cell-site location information. *Id.* at 311. That

4

information mapped the defendant's "cell phone's location over the course of 127 days," supplying police with "an all-encompassing record of the [defendant's] whereabouts." *Id*. In turn, that "time-stamped data provide[d] an intimate window into [the defendant's] life, revealing not only his particular movements, but through them his familial, political, professional, religious, and sexual associations." *Id*. The Court consequently concluded that the government had "invaded [the defendant's] reasonable expectation of privacy in the whole of his physical movements." *Id*. at 313.

The ALPRs here hardly compare. For one, they merely record data concerning vehicles, not cell phones. "While individuals regularly leave their vehicles, they compulsively carry cell phones with them all the time." *Id*. at 311. So "[u]nlike a cell phone, a car does not track nearly exactly the movements of its owner." *United States v. Sturdivant*, 786 F. Supp. 3d 1098, 1112 (N.D. Ohio 2025); *see also United States v. Jiles*, No. 8:23-CR-98, 2024 WL 891956, at *19 (D. Neb. Feb. 29, 2024) ("Unlike cell phones, ALPRs do not faithfully follow[ ] [their] owner[s] beyond public thoroughfares and into private residences, doctor's offices, political headquarters, and other potentially revealing locales.").

That aside, the City's ALPRs tell very little about a person's movements. They only record whether vehicles have entered or exited Marco Island. They don't reveal where any vehicle travels to beyond that. And they

5

don't necessarily identify a vehicle's occupants. Rather, they "simply provide[] a snapshot of" the vehicle's "location at a discrete time while traveling" on public roads. *United States v. Toombs*, 671 F. Supp. 3d 1329, 1333 (N.D. Ala. 2023). Since the ALPRs do not track the whole of Plaintiffs' physical movements—or anything analogous—the City's use of them does not trigger a search under the Fourth Amendment. *See, e.g.*, *Sturdivant*, 786 F. Supp. 3d at 1110-13 (concluding ALPRs did not present a privacy threat "analogous to the one in *Carpenter*").

Plaintiffs' Fourth Amendment claim fails to plead a cognizable privacy interest, so it can proceed no further. *See, e.g.*, *Scholl v. Illinois State Police*, 776 F. Supp. 3d 701, 720 (N.D. Ill. 2025). This claim is also dismissed with prejudice because no amendment can change the underlying legal deficiency in Plaintiffs' theory.

That leaves the claims under Article I, Sections 12 and 23 of the Florida Constitution. The City seeks dismissal for the same reasons as above, while Plaintiffs argue that state law recognizes more robust privacy rights. "While no party addresses whether the Court should continue to exercise supplemental jurisdiction" over these claims, the issue can be raised sua sponte. *See Oakes v. Collier Cnty.*, 515 F. Supp. 3d 1202, 1217 (M.D. Fla. 2021).

District courts may exercise supplemental jurisdiction over state-law claims when they "arise out of a common nucleus of operative fact with a substantial federal claim." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 865 (11th Cir. 2022); *see also* 28 U.S.C. § 1367(a). But after the federal claim is gone, the "court ha[s] the discretion either to continue to exercise supplemental jurisdiction" or not. *Silas*, 55 F.4th at 865. District courts are generally "encouraged . . . to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *see also Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).

The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state claims, which "raise[] novel or complex issue[s] of State law." 28 U.S.C. § 1367(c). "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997); *see also Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 540 (11th Cir. 2015) ("Federal courts are (and should be) loath to wade into unchartered waters of state law, and should only do so when absolutely necessary to the disposition of a case.").

## IV. Conclusion

The City's motion to dismiss (Doc. 54) is thus **GRANTED IN PART** and **DENIED IN PART**. Claim one is **DISMISSED with prejudice**. Claims

7

two and three are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close the case.

    **ORDERED** in Fort Myers, Florida on October 17, 2025.

Kyle C. Dudek
United States District Judge